**MODIFY and AFFIRM; and Opinion Filed January 13, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00858-CR

### ANDRES OCHOA, JR., Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 3
### Dallas County, Texas
### Trial Court Cause No. F12-70011-J

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Lewis
Opinion by Justice Lewis

Andres Ochoa, Jr. appeals his conviction following the adjudication of his guilt for aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a) (West 2011). The trial court assessed punishment at ten years' imprisonment. The trial court's judgment also includes an order that appellant pay $244 in court costs. In a two issues, appellant contends there is insufficient evidence in the record to support the trial court's order that he pay $244 in court costs, and the judgment should be modified to reflect that he entered an open plea of true to the motion to adjudicate guilt. We modify the trial court's judgment and affirm as modified.

Appellant contends the evidence is insufficient to support the trial court's judgment that appellant pay $244 in court costs because the clerk's record does not contain a bill of costs. The State responds that appellant is not entitled to have the court costs removed from the judgment.

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have been accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). Costs may not be collected from the person charged with the costs until a written bill, containing the items of cost, is produced and signed by the officer who charged the cost or the officer entitled to receive payment for the cost. *Id*. art. 103.001.

The clerk's record in this case does not contain a copy of the bill of costs. We, however, ordered the Dallas County District Clerk to file a supplemental record containing a certified bill of costs associated with this case, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant items have been omitted). Appellant's complaint that the evidence is insufficient to support the imposition of costs because the clerk's record did not contain a bill of costs is now moot. *See Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, pet. ref'd); *Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). We overrule his first issue.

In his second issue, appellant asks us to modify the trial court's judgment to reflect that there were no plea bargain terms when he pleaded true to the State's motion to adjudicate. The State responds that the judgment should be modified as appellant has requested.

The record shows appellant pleaded true to the allegations in the State's motion to adjudicate and went "open" to the trial court as to punishment. The judgment, however, recites terms of a plea bargain. Thus, the judgment is incorrect. We sustain appellant's second issue.

We modify the judgment to show appellant entered an "open" plea to the motion to adjudicate guilt. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment.


/David Lewis/
DAVID LEWIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130858F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANDRES OCHOA, JR., Appellant

No. 05-13-00858-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 3 of Dallas County, Texas (Tr.Ct.No. F12-70011-J).
Opinion delivered by Justice Lewis, Justices Francis and Lang-Miers participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered January 13, 2014.

/David Lewis/
DAVID LEWIS
JUSTICE